**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DAVID GILMORE | : | **Civil Action No. 20-09316 (SRC)** |
| Plaintiff, | : |  |
| v. | : |  |
|  | : | **OPINION & ORDER** |
| CITY OF PATERSON | : |  |
| Defendant. |  |  |

**CHESLER**, District Judge

This matter comes before the Court on Defendant City of Paterson's ("Defendant" or the "City") motion in limine, (Dkt. No. 140) (the "Motion") to dismiss Count Three of Plaintiff's Second Amended Complaint, which is Plaintiff David Gilmore's ("Plaintiff") common law defamation claim against the City (Dkt. No. 48). Plaintiff opposes the Motion. (Dkt. No. 143). The Court, having considered all the papers, proceeds to rule on the Motion without oral argument. For the following reasons, Defendant's Motion is **GRANTED** and Count Three of Plaintiff's Second Amended Complaint is dismissed with prejudice.

This Court agrees with Plaintiff that, procedurally, this Motion is inappropriate. Defendant did not bring a motion to dismiss under the Federal Rules of Civil Procedure 12(b)(6) raising the specific issues discussed in this Motion. Further, Defendant failed to raise these issues in its motion for partial summary judgment filed on August 22, 2023. (Dkt. No. 62). That motion was filed eight months after Plaintiff filed his Second Amended Complaint, which contained Count Three. (Dkt. No. 48). Despite this failure, to save judicial resources and avoid jury confusion, this Court will not allow Count Three to proceed to trial and accordingly, dismisses it.

Defendant argues that: (1) the City cannot form the requisite intent, "actual malice," to be liable for the intentional tort of defamation in this case and (2) the City cannot be held vicariously liable for the allegedly malicious acts of its employees. (Mot. 2). This Court agrees.

First, New Jersey law is clear that municipalities themselves cannot commit intentional torts because they cannot form the intent required to be held liable for such actions. This rule is most directly laid out in O'Connor v. Harms. There, the court dismissed a malicious interference with a contractual relationship claim brought by a school principal against Ocean County's board of education because, "a public corporation, such as a city or other public body, by reason of its being an artifical [sic] legal entity created by law to perform limited governmental functions, cannot entertain malice, as a public corporation." 111 N.J. Super. 22, 26—27, 266 A.2d 605 (App. Div. 1970). Courts in this District have understood O'Connor to dictate that municipalities may not, themselves, form the intent needed for an intentional tort. See, e.g., Jones v. City of Newark, 2010 WL 3155013, at *2 (D.N.J. Aug. 9, 2010), (on a motion for reconsideration solely focused on whether the City of Newark could be held liable for malicious prosecution, the court found that O'Connor established the common law rule that, "a municipal entity is incapable of committing an intentional tort."); Lozano v. New Jersey, No. 17-CV-6581, 2020 WL 3542374, at *13 (D.N.J. June 29, 2020) ("A municipality does not have the capacity to commit an intentional tort on its own."); McLeod v. Fifth Jud. Dist. of Pennsylvania, 2022 WL 13986832, at *5 n.7 (D.N.J. Oct. 24, 2022), ("[T]he Township cannot be liable for alleged defamation—an intentional tort. . ."). Here, where both parties agree that Plaintiff must show malice on the part of the Defendant to make out a claim for defamation, it is impossible for Plaintiff to do so.

Next, the question becomes whether the City may be held vicariously liable for the intentionally tortious actions of its employees. Again, the answer is a clear "no". Under the New

Jersey Tort Claims Act, "A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J. Stat. Ann. § 59:2-10 (West). The Comment to this provision elucidates how it interacts with the precedent set by O'Connor:

> This provision recognizes the existing law and public policy that a public entity should not be vicariously liable for such conduct of its employees. In addition it adopts the concept noted in *O'Connor v. Harms*, et al., 111 N.J.Super. 22, 26-27, 266 A.2d 605 (App.Div.1970) that: "a public corporation such as a city or other public body, by reason of its being an artificial legal entity created by law to perform limited governmental functions, cannot entertain malice, as a public corporation."

Id. Again, courts across this District have applied this rule to immunize municipalities against claims like the defamation claim brought in this case. See, e.g., Gurvey v. Twp. of Montclair New Jersey, No. CV1917525KMESK, 2022 WL 970303, at *16 (D.N.J. Mar. 31, 2022) (dismissing a defamation claim against Montclair because, among other reasons, "Under the NJTCA, a public entity is protected from liability for the 'acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct'" and "[b]ecause. . . the author of the incident report, is. . . an employee of a public entity, the Township cannot be liable for Officer Lumpkin's alleged defamation—which is an intentional tort."); Baldani v. Twp. Of Millburn, 2008 WL 4512939, at *8 (D.N.J. Sept. 29, 2008) (dismissing an intentional infliction of emotional distress claim against Millburn stating, "Defendants cannot be held liable for an intentional tort committed by its employees.").

Plaintiff's substantive argument is that none of the cases cited by Defendant are precisely on point to this case because they do not involve municipal employees suing the municipality. (Opp. 2). Plaintiff fails to explain why this distinction is legally significant for the purpose of the Court's analysis. Additionally, Plaintiff acknowledges that the most crucial case here, O'Connor, in fact does involve a government employee suing the very government body with which he was

employed, but functionally argues that the key difference between that case and the one before this Court is that here the City really did "act with actual malice." (Opp. 2-3). This is not a meaningful legal refutation to Defendant's argument. Perhaps most fatal to its argument, Plaintiff cites no case that stands for the proposition that a municipality may, in fact, be properly held liable for the intentional tort of defamation either by itself or vicariously through its employees.

Accordingly, because the City cannot form the requisite intent to commit the defamation that has been alleged, and because it cannot be held vicariously liable for the actions of its employees in allegedly committing the same, Count Three fails as a matter of law. Because this Court would need to dismiss this cause of action on a directed verdict motion, any time spent litigating this issue in front of a jury would be a waste of time and resources, and would contribute to possible jury confusion. Therefore, this Court will not allow Count Three to proceed to trial.

*     *     *

For these reasons,

**IT IS** on this 23rd day of October, 2025

**ORDERED** that Defendant's motion *in limine*, (Dkt. No. 140), is **GRANTED**.

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.